UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROGER MERRITT THIELEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-11-439 |
| | § | |
| RICK THALER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Roger Thieleman (TDCJ # 1153979), an inmate at the French Robertson Unit, has filed a complaint under 42 U.S.C. § 1983, alleging a failure to protect by Defendants Rick Thaler, Director of the Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), and Joni White, Director of Inmate Classification in Huntsville, Texas. The plaintiff has filed a more definite statement of facts. Based on the pleadings, the Court will dismiss this case for reasons that follow.

When a plaintiff seeks to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). A plaintiff proceeding pursuant to section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state

law.  *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).  In this case, the plaintiff alleges that his civil rights were violated during his incarceration at the Ramsey I unit in June 2011.  In his protracted, barely legible complaint and more definite statement, the plaintiff, who is a known gang member, alleges that prison officials at the Ramsey I unit ignored his pleas for protective custody and he feared for his life.  Specifically, he states that an O.P.I. investigation regarding his requests for protection was never opened; he was tricked into meeting with law enforcement in front of other inmates; he was denied his right to refuse an interview by "law enforcement"; he was placed in transit status despite his objections; and, he was "exposed" to his enemies, specifically, inmate Ortiz, when he was escorted to transit in handcuffs.

The plaintiff did not include a copy of his Step 1 grievance.  The response to his Step 2 grievance regarding his life endangerment concern states: "Administration was made aware of your complaint.  The State Classification Committee has approved placement of offender Ortiz, J., on your enemy list.  Additionally, upon completion of the Gang Renouncement Dissociation Process (GRAD), you will be housed separately to ensure the safety and security of the institution.  No further action warranted." (Doc. No. 10).

The Eighth Amendment proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  In order for prison officials to be held liable under the Eighth Amendment for deliberate indifference to an inmate's health or safety, including protecting him from harm by another inmate, a plaintiff must prove that (1) the official knew of and disregarded an excessive risk to inmate health or safety; (2) was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and  also drew the inference; and

(3) failed to take reasonable remedial action. *Id*. at 842-45. Liability for an Eighth Amendment deprivation requires the same delinquency in denial of protection against harm from other inmates as it does for denial of medical care, *Johnson v. Lucas,* 786 F.2d 1254, 1259 (5th Cir. 1986); thus, there must be an allegation of facts which will support deliberate indifference on the part of officials. *Wilson v. Seiter*, 510 U.S. 294 (1991). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as infliction of punishment." *Farmer,* 511 U.S. at 826. Furthermore, the mere negligent failure to protect a prisoner from assault does not comprise a constitutional violation unless it becomes pervasive. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *Oliver v. Colins*, 914 F.2d 56, 60 (5th Cir. 1990).

The plaintiff's allegations do not support a claim that any prison official was deliberately indifferent to his health or safety. His life endangerment concerns were appropriately addressed. Although he feared for his life, the plaintiff states that his fears span a 20-year time period in numerous prison units; moreover, he suffered no harm during his "brief time" at the Ramsey I unit between February 2011 and October 2011.

Under the Prison Litigation Reform Act (PLRA), prisoners filing suit must demonstrate a physical injury to sustain a claim for damages. 42 U.S.C. § 1997e(e); *Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir. 1999). Section 1997e(e) states: "No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Courts have strictly construed the physical injury requirement, precluding claims by prisoners who demonstrate only mental or emotional injury and barring physical injury claims where the injury alleged is *de minimis*. *See e.g. Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The plaintiff's grievances were appropriately

3

addressed by prison officials. He was afforded the relief he sought and suffered no harm. His claim of failure to protect is without merit.

For the foregoing reasons, it is **ORDERED** that this case is **DISMISSED** with prejudice as frivolous and for failure to state a claim.

All pending motions, if any, are **DENIED** as moot.

The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas this 7th day of December, 2011.

_____
Kenneth M. Hoyt
United States District Judge